LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
271 Madison Avenue, Suite 1403
New York, New York 10016
Tel.: 212-576-1857
Fax: 212-576-1888
*Attorney for Plaintiffs*

CV 13 - 5311

DEARIE, J.

LEVY, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BENJAMIN BAEZ
and JUAN "CARLOS" LOPEZ on behalf of
themselves and others similarly situated,

       Plaintiffs,

v.

DISKAL, INC. d/b/a GEORGIA DINER
and DIMITRIOS KALOIDIS

       Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiffs, BENJAMIN BAEZ and JUAN "CARLOS" LOPEZ (hereinafter, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Complaint against Defendants, DISKAL, INC. d/b/a GEORGIA DINER and DIMITRIOS KALOIDIS (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) liquidated damages and statutory penalties and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, BENJAMIN BAEZ, is a resident of Queens County, New York.

6. Plaintiff, JUAN "CARLOS" LOPEZ, is a resident of Queens County, New York.

7. Defendant, DISKAL, INC. d/b/a GEORGIA DINER is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 86-55 Queens Boulevard, Elmhurst, NY 11373.

8. At all relevant times, Defendant, DISKAL, INC. d/b/a GEORGIA DINER was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

9. Upon information and belief, Defendant, DIMITRIOS KALOIDIS, is the Chairman or Chief Executive Officer of Defendant, DISKAL, INC d/b/a GEORGIA DINER. DIMITRIOS

KALOIDIS exercised control over the terms and conditions of Plaintiffs' employment and those of similarly situated employees. With respect to Plaintiffs and other similarly situated employees, he had the power to (i) fire and hire, (ii) determine rate and method of pay and (iii) otherwise affect the quality of employment.

10. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

11. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and the New York Labor Law.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

14. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

15. In or about February of 2013, Plaintiff, BENJAMIN BAEZ, was hired by Defendants to work as a busboy, cleaning person, and stock person for Defendants' "Georgia Diner", a food/beverage establishment located at 86-55 Queens Boulevard, Elmhurst, NY 11373.

16. Plaintiff BENJAMIN BAEZ worked for Defendants until on or about August 1, 2013.

17. During the employment of Plaintiff, BENJAMIN BAEZ, by Defendants, he worked over forty (40) hours per week. During BENJAMIN BAEZ'S employment by Defendants, he often worked over ten (10) hours per day.

18. . On average, BENJAMIN BAEZ worked 6 days a week and for an average of 54 hours per week. BENJAMIN BAEZ was paid a fixed daily salary of $45.

19. In or about April of 2009, Plaintiff, JUAN "CARLOS" LOPEZ, was hired by Defendants to work as a dishwasher and cleaning person for Defendants' "Georgia Diner" at 86-55 Queens Boulevard, Elmhurst, New York 11373.

20. Plaintiff JUAN "CARLOS" LOPEZ worked for Defendants until on or about July 16, 2013.

21. During the employment of Plaintiff, JUAN "CARLOS" LOPEZ, by Defendants, he worked over forty (40) hours per week. During JUAN "CARLOS" LOPEZ'S employment by Defendants, he often worked over ten (10) hours per day.

22. On average, JUAN "CARLOS" LOPEZ worked 5 days a week and for 12.4 hours per day. JUAN "CARLOS" LOPEZ was paid at an hourly rate of $6.00 for all hours worked past 40 in a workweek.

23. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs.

24. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and other similarly situated employees.

25. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs.

26. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other similarly situated employees, in violation of the New York Labor Law. In fact, Plaintiffs did not receive any wage statements during their period of employment with Defendants.

27. Defendants took an improper tip credit with respect to Plaintiffs and all other tipped employees of the Defendants given Defendants' failure to: (i) provide proper notice to employees of their tipped credit minimum wage rate and the proper overtime rate thereon, (ii) maintain records of tips earned by employees, (iii) maintain a proper tip pool because management participated in the tip pool and (iv) provide proper wage statements to employees showing deductions, as required under New York State law.

28. Plaintiffs retained the Law Offices of Robert L. Kraselnik, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

29. Plaintiffs reallege and reaver Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

31. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

32. Upon information and belief, at all relevant times, Defendant, DISKAL, INC. d/b/a GEORGIA DINER had gross annual revenues in excess of $500,000.

33. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for their hours worked in excess of forty hours per workweek.

34. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

35. Plaintiffs worked hours for which they were not paid the statutory minimum wage.

36. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs for their hours worked.

37. Defendants failed to pay Plaintiffs minimum wages in the lawful amount for their hours worked.

38. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

39. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

40. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at least the minimum wage for hours worked when Defendants knew or should have known such was due.

41. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

42. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

43. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages in an amount not presently of ascertainable of unpaid overtime wages and unpaid minimum wages, plus an equal amount as liquidated damages.

44. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

45. Plaintiffs reallege and reaver Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

47. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

48. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs at least the minimum wage in the lawful amount for hours worked.

49. Defendants willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each workday exceeding ten (10) or more hours.

50. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other similarly situated employees, in violation of the New York Labor Law.

51. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and all similarly situated employees, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law ;

h. An award of statutory penalties, and prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: September 17, 2013

                                         Respectfully submitted,

                                         LAW OFFICES OF
                                         ROBERT L. KRASELNIK, PLLC
                                         Robert L. Kraselnik (RK 0684)
                                         271 Madison Avenue, Suite 1403
                                         New York, NY 10016
                                         Tel.: 212-576-1857
                                         Fax: 212-576-1888
                                         *Attorney for Plaintiffs*

By: _____
            ROBERT KRASELNIK (RK 0684)